## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## THOMASVILLE DIVISION

| | | |
|---|---|---|
| **LAMAR MARTIN, SR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No.** |
| | : | **6:05-cv-43 (HL)** |
| **GEORGIA ALLTEL TELECOM,** | : | |
| **INC.,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## ORDER

Before the Court is Defendant's Motion for Summary Judgment (Doc. 14). After consideration of the pleadings, depositions, affidavits, and briefs, the Court hereby grants Defendant's Motion for Summary Judgment for the reasons explained below.

### I. FACTS

As an initial matter, the Court notes that Plaintiff has failed respond to Defendant's Motion for Summary Judgment. Therefore, in accordance with Local Rule 56, all facts alleged by Defendant and not specifically disputed by Plaintiff are, for the purposes of this motion, admitted.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that he was terminated from his job on February 14, 2000 in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"). The EEOC investigated the allegations and issued a right-to-

sue letter on January 30, 2001. Plaintiff filed suit against Alltel Corporation in the Superior Court of Dougherty County on April 27, 2001. Alltel Corporation responded alleging it was not Plaintiff's employer and that Plaintiff was actually employed by Georgia ALLTEL Telecom, Inc., a separate entity. As a result of a Motion for Summary Judgment later filed on behalf of Alltel Corporation, Plaintiff voluntarily dismissed the complaint on January 20, 2005.

Plaintiff then filed the instant action against Georgia ALLTEL Telecom, Inc. in the Superior Court of Seminole County on July 20, 2005 as a renewal action pursuant to O.C.G.A. § 9-2-61. The case was then removed to the Middle District of Georgia. Defendant filed the Motion for Summary Judgment currently before the Court on March 28, 2006 arguing that Plaintiff's claims were barred because Plaintiff had failed to file a proper action within the time allowed by law and, in the alternative, that Plaintiff cannot establish the essential elements of his claims. Although Plaintiff received an extension of time in which to respond to Defendant's motion, Plaintiff has filed no response.[1]

---

[1]Defendant's Motion For Summary Judgment and an attached certificate of service was filed on March 28, 2006. Per Local Rule 7.2, Plaintiff had twenty days in which to respond to the motion after service. Further, in accordance with Federal Rule of Civil Procedure 6, an additional three days  are added as service was made under Federal Rule of Civil Procedure 5(b)(2)(B), (C), or (D). Therefore, Plaintiff was required to respond by April 20, 2006. After failing to respond in a timely manner, Plaintiff filed a Motion for Extension of Time on April 27, 2006. Plaintiff requested until May 4, 2006 in which to respond. Although some seven days later than required, the Court, in the interest of justice, granted Plaintiff's motion. Plaintiff again failed to file a response to Defendant's motion within the time allotted.

## II. ANALYSIS

A. Summary Judgment Standard

Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  A genuine issue of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When considering a motion for summary judgment, the Court must evaluate all evidence and any logical inferences in a light most favorable to the non-moving party.  Beckwith v. City of Daytona Beach Shores, 58 F.3d 1554, 1560 (11th Cir. 1995).

"[T]he plain language of Federal Rule of Civil Procedure 56(c) mandates the entry of summary judgment, after adequate time and discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The movant carries the initial burden and must meet this burden "by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Id. at 325. "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

3

The nonmoving party is then required "to go beyond the pleadings" and to present competent evidence in the form of affidavits, depositions, admissions and the like, designating "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324.  The nonmoving party must put forth more than a "mere 'scintilla' of evidence;" "there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  This evidence must consist of more than mere conclusory allegations. See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). Thus, under Rule 56 summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

B.  Georgia's Renewal Action pursuant to O.C.G.A. § 9-2-61

Plaintiff apparently attempted to file the current legal action under a specific provision of Georgia law which allows a plaintiff to re-file a voluntarily dismissed claim within six months of the dismissal, regardless of whether the applicable statute of limitation had run in the interim . See O.C.G.A. § 9-2-61 (1982)("If a plaintiff discontinues or dismissed his case and recommences the same within six months, the renewed case shall stand upon the same footing, as to limitation, with the original case."). Defendant devotes a significant portion of its brief arguing why the provision should not apply in this case because the previously timely filed legal action never named Defendant as a proper party.

While the Court agrees that Georgia's renewal action provision is not applicable to

this case, the Court declines to accept Defendant's reasoning. Because Plaintiff's claims are based on the federal Title VII and ADEA statutes and both statues provide a statute of limitations, it is federal law, not the law of Georgia, which provides the applicable limitations period. See Phillips v. United States, 260 F.3d 1316, 1318 (11th Cir. 2001) (citing Pipkin v. United States Postal Serv., 951 F.2d 272, 275 (10th Cir.1991) ( "[A] court looks to state law to define the time limitation applicable to a federal claim only when 'Congress has failed to provide a statute of limitations for a federal cause of action.'") Accordingly, the Court will not address the arguments raised by Defendant regarding the operation of Georgia's renewal action provision.

C. Plaintiff's Title VII Claim

Before filing a complaint in federal court under Title VII, a plaintiff must exhaust his or her administrative remedies. Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001) (citing Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999)). This requires, in part, filing a timely charge of discrimination with the EEOC prior to filing a complaint in federal court. Id. (citing 42 U.S.C. § 2000e-5(b) (1994)). Further, should the EEOC decline to pursue the matter, a plaintiff wishing to file a legal action must do so within ninety days of receiving a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1) (2000).

It is undisputed that Plaintiff did not file the instant complaint within ninety days of receiving the right-to-sue letter issued by the EEOC on January 30, 2001. Plaintiff filed the case currently before the Court on July 20, 2005, more than four years after receiving the

right-to-sue letter. Plaintiff's Title VI claim is therefore untimely. Accordingly, Defendant's Motion for Summary Judgment with respect to Plaintiff's Title VII claim is granted.

D. Plaintiff's ADEA Claim

A plaintiff wishing to file suit alleging ADEA claims must complete several time sensitive filing requirements. "No civil action may be commenced by an individual . . . until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]." 29 U.S.C. § 626(d) (2000). Therefore, a plaintiff must first file a charge with the EEOC and is not permitted to file legal action regarding the charge until sixty days after the charge was filed. Further, although a plaintiff may file a legal action without receiving a right-to-sue letter from the EEOC, should the EEOC issue a right-to-sue letter a plaintiff must file suit within ninety days of receiving notice that the EEOC is not pursuing the matter. 29 U.S.C. § 626(e) (2000).

Again, it is undisputed that Plaintiff received a right-to-sue letter regarding his termination and that Plaintiff did not file the instant complaint within ninety days of receiving the letter. The right-to-sue letter was issued by the EEOC on January 30, 2001, and Plaintiff waited more than four years to file the claims before the court. Therefore, Plaintiff's ADEA claim is also untimely and Defendant's Motion for Summary Judgment with regard to Plaintiff's ADEA claim is also granted.

**III. CONCLUSION**

For the reasons set forth herein, Defendant's Motion for Summary Judgment is granted.

**SO ORDERED**, this the 18th day of May, 2006.


**/s/ Hugh Lawson**
**HUGH LAWSON, Judge**

scs